United States District Court
Southern District of Texas

**ENTERED**

August 03, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-719 |
| | § | |
| FRANCISCO JAVIER MONTANO, | § | |
| | § | |
| Defendant, | § | |

## ORDER AND OPINION

In this lawsuit, Plaintiff United States of America seeks to revoke Defendant Francisco Javier Montano's United States citizenship. Montano became a naturalized United States citizen in January 2000. Three years later, a jury convicted him of aggravated sexual assault of a child and indecency with a child, crimes that he committed between 1996 and 1999.

Based on Montano's criminal conduct, and the information he provided to officials during his naturalization process, the United States alleges that Montano unlawfully obtained his United States citizenship. More specifically, in Count I, the United States alleges that Montano illegally procured his citizenship because when he applied for naturalization, he did not meet the statutory requirement for good moral character.

The United States now moves for a consent judgment, based in large measure on a declaration by Montano through which he admits the allegations and represents that he understands doing so will result in the revocation of his citizenship. (*See* Motion, Doc. 7; Montano Decl., Doc. 7–1) Based on the record and the applicable law, the Court concludes that the United States is entitled to the requested relief.

1 / 5

## I.     Factual Findings and Procedural Background[1]

Montano was born in Mexico and was admitted to the United States in 1987 as a conditional permanent resident.

In June 1997, Montano applied to become a naturalized United States citizen.  Question 15 of the Application asked whether Montano had "ever knowingly committed a crime or offense for which you were not arrested?" (N-400 Form, Doc. 1–2, 4)  He responded, "No." (*Id.*)

In April 1999, the United States approved the application and Montano took his citizenship oath in January 2000.

In May 2003, a Texas jury found Montano guilty of two counts of aggravated sexual assault of a child, in violation of Texas Penal Code § 22.021(a)(1)(B)(iii)&(iv), and four counts of indecency with a child, in violation of Texas Penal Code § 21.11(a)(1).  The crimes occurred between July 1996 and July 1999.  Montano was sentenced to 5 years in prison for the aggravated sexual assault convictions and a probated 10-year sentence for the indecency with a child convictions.

The United States then filed this action under 8 U.S.C. § 1451(a), seeking to revoke Montano's United States citizenship.  In Count 1, the United States alleges that Montano was ineligible for naturalization because he did not meet the requirement of being a person of good moral character between June 1994–i.e., five years before he applied for naturalization–and January 2000–i.e., the date he became a United States citizen.[2] (Compl., Doc. 1, ¶¶ 46–53 (relying on 8 U.S.C. § 1182(a)(2)(B) and 8 U.S.C. § 1427(a))

## II.    Analysis

"To guard the integrity of th[e] priceless treasure [of United States citizenship], the government must be accorded the authority to seek the denaturalization of those who, in

---

[1] The Court reaches these findings based on Montano's Declaration, the documents that the United States attaches to the Complaint, and criminal proceedings of which the Court can take judicial notice.

[2] The Complaint includes three other counts, but the United States bases its Motion solely on Count I.

2 / 5

procuring citizenship, misstated or concealed facts that, if disclosed, would have led the government to conduct an inquiry that might have resulted in denial of citizenship." *United States v. Fedorenko*, 597 F.2d 946, 952 (5th Cir. 1979), *aff'd*, 449 U.S. 490 (1981).

Federal law authorizes district courts to "revok[e] and set[ ] aside the order admitting [a] person to citizenship and [to] cancel[ ] the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation[.]" 8 U.S.C. § 1451(a). "If a person manages to become a citizen despite not meeting Congress's requirements, his citizenship is illegally procured." *United States v. Vasquez*, 1 F.4th 355, 359 (5th Cir. 2021) (cleaned up) (concluding that denaturalization was mandated for a naturalized citizen who would have been inadmissible based on his participation in extrajudicial killings in his native country); *United States v. Chang*, 633 F. App'x., 601, 603 (5th Cir. 2016) (unpubl.) (finding that a naturalized citizen illegally procured his citizenship when he did not disclose that he smuggled female aliens into the United States to engage in forced labor).

"Because rights once conferred should not be lightly revoked, the government must meet an exacting standard to denaturalize a citizen, proving its charges by clear, unequivocal, and convincing evidence." *Vasquez*, 1 F.4th at 359 (cleaned up). This standard requires a level of proof "substantially identical" to the one governing criminal proceedings. *Id.* (citing *Klapprott v. United States*, 335 U.S. 601, 612 (1949)).

An applicant for naturalization must establish that he has been a person of "good moral character" for the period of five years before his application through his date of naturalization. *See* 8 U.S.C. § 1427(a)(3). A person lacks good moral character if he was "convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude[.]" 8 U.S.C. § 1182(a)(2); *see also* 8 U.S.C. § 1101(f)(3).

3 / 5

"Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Munoz-Rivera v. Wilkinson*, 986 F.3d 587, 590–91 (5th Cir. 2021). The concept includes acts that are "per se morally reprehensible and intrinsically wrong, or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude." *Id.* A court "focuses on the inherent nature of the crime, as defined in the statute, rather than the circumstances surrounding the particular transgression." *Id.* at 591 (cleaned up) (finding that the unauthorized use of a Social Security number was a crime involving moral turpitude); *see also Villegas-Sarabia v. Sessions*, 874 F.3d 871, 881 (5th Cir. 2017) (concluding that misprison of a felony was a crime involving moral turpitude); *but see Orosco v. Holder*, 396 F. App'x. 50, 54 (5th Cir. 2010) (unpubl.) ("The failure to report an accident involving a parked car to the local police department after leaving the name and address to notify the driver of the parked car of the incident is not conduct that rises to the level of moral turpitude."). In judging the inherent nature of the crime, a court examines "the minimum criminal conduct necessary to sustain a conviction under the statute." *Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 288 (5th Cir. 2007).

The United States can move for denaturalization when, after an individual's naturalization, evidence arises that the person committed unlawful acts or crimes involving moral turpitude less than five years before his application for naturalization. In such circumstances, if the evidence demonstrates that within the relevant five-year period, the individual committed such unlawful acts, a court must order the denaturalization of the individual. *See, e.g., Vasquez*, 1 F.4th at 361–62 (reversing the denial of the denaturalization petition because under the undisputed facts that the district court found, the defendant illegally procured his citizenship).

Turning to the present matter, it is undisputed that in May 2003, a jury convicted Montano of aggravated sexual assault of a child, in violation of Texas Penal Code § 22.021(a)(1)(B), and

indecency with a child, in violation of Texas Penal Code § 21.11(a)(1). Some of Montano's criminal conduct took place in July 1996, less than five years before he applied for naturalization. (*See* Judgment, Doc. 1–5, 10 (reflecting a conviction for indecency with a child that occurred on July 12, 1996))

The minimum criminal conduct necessary to violate Section 22.11(a)(1) requires the offender to either engage in touching "of the anus, breast, or any part of the genitals of a child" or to have the child engage in "the anus, breast, or any part of the genitals of a person" with the intent to "arouse of gratify the sexual desire of any person[.]"  The Court concludes that such conduct represents a crime involving moral turpitude. *See, e.g., Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002) ("The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people.").

As a result, the undisputed facts demonstrate clearly, unequivocally, and convincingly that Montano was ineligible for naturalization when he applied for and obtained approval of his application.  He illegally procured his naturalization, and the United States is entitled to the relief it requests under 8 U.S.C. § 1451(a) as to Count I.

### III.   Conclusion

For the reasons stated above, it is:

**ORDERED** that the United States's Motion Entry of Consent Judgment (Doc. 7) is **GRANTED**.

The Court will separately issue a Final Judgment.

Signed on August 3, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge